IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COMPUTER ASSOCIATES
INTERNATIONAL, INC.
    Plaintiff

    v.

GENERAL COMPUTER CORPORATION
d/b/a GM GROUP, INC., MULTIPLE
COMPUTER SERVICES, INC. d/b/a GM
GROUP PUERTO RICO
    Defendants

Civil No. 97-1021(PG)

Consolidated with:

Civil No. 97-1803(PG)

### ORDER[1]

On June 19, 2000, a discovery hearing was held at which this Magistrate-Judge considered certain discovery requests presented by both parties and to which the opposing party had interposed objections. Over some time, and in spite of previous discovery rulings and Rule 311.11 conferences, the parties remained unable to resolve said controversies.

Having reviewed the discovery requests and the objections thereto, and having considered the arguments of counsel, at the hearing it was **ORDERED** as follows:

I,    **GM GROUP'S DISCOVERY REQUESTS TO CA**

    **A. Discovery Already Provided**

In the Joint Informative Motion Regarding the June 19, 2000 Discovery Hearing, filed jointly by the parties, GM Group identifies what it believed to be gaps in the bates

---

[1] The discovery rulings within this written Order were made and issued to the parties at the conference/hearing held on June 19, 2000. The parties remain subjected to the same since then.



numbering of documents produced by CA prior to May 26, 2000. GM has requested that such documents be produced because they relate either to GM Group or the case. CA has responded that it does not believe that such documents are responsive to GM's requests but is willing to further confirm this fact. Accordingly, CA shall produce a list that identifies and describes the documents not produced. Alternatively, CA may simply produce the documents.

### B. GM's Interrogatory No. 9 (Second Set) and Request for Production of Documents No. 8 (Second Set):

These requests correlate. In essence, GM requests the basis and documents used by CA for determining marketing fees and royalties charged to all distributors (for the last ten years). CA has already provided the requested information with respect to Puerto Rico and Latin America. Further, during Local Rule 311.11 conferences, GM narrowed this request to focus only on distributors of CA mainframe products. The request, narrowed to mainframe distributors, is **GRANTED** but limited as follows: CA shall supplement its previous responses by providing the requested documents and information, as narrowed, and limited only to the United States and U.S. territories.

### C. GM's Request for Production of Documents No. 5 (Second Set)

GM's request sought copies of audited financial statements for the last seven years. CA has already complied with this request by providing its consolidated audited financial statements for the requested time period. During Local Rule 311.11 conferences GM sought production of any additional financial statements, whether

audited or not, that include CA's operation in Puerto Rico. CA has responded by stating that such statements do not exist for the years 1991-1997. Nonetheless, CA has produced such statements for CA's Puerto Rico operations for the fiscal years 1998 and 1999.

At the hearing the parties agreed, and the Court now orders, that CA will describe the process by which a hypothetical payment from the Puerto Rico operations, during the years 1991-1997, would have been reflected in CA's financial accounting system and statements.

CA will also disclose whether it maintained financial statements for any of its business divisions that reported the financial results for CA's operations in Puerto Rico for the period 1991-1997. If such statements exist, CA shall produce them.

### D. GM's Request for Production of Documents No. 18 (Third Set)

GM's request seeks documents and the identification of any prior litigation involving CA and any distributor, dealer, or sales representative related to an allegation of termination or impairment. GM claims the discovery is relevant inasmuch as the termination may be part of a plan or pretext of CA to discriminate against GM or to sell directly in Puerto Rico. Among other objections, CA believed that this request is not relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Court agrees and the request is **DENIED**.

### E. GM's Request for Production of Documents No. 19 (Third Set)

CA indicated that for the requested time period it did not prepare any budgets that refer or relate to Puerto Rico and that the word "budget" in CA's compensation plan meant "quota." Accordingly, the request is **DENIED** as **MOOT**.

### F. GM's Request for Production of Documents No. 27 (Third Set)

GM requests all documents containing, evidencing, or describing any information about any communication between and/or among CA employees, agents, board members, actual or prospective licensees or actual or prospective distributors about the Territory (as defined in the GM Distribution Agreement) and/or Puerto Rico for the period 1991 to the present. Among other objections, CA objects to this request as overbroad and burdensome. As noted in this Court's order of April 15, 1999, CA has proffered that it has been in operation for 24 years, supplied software products in 43 countries world-wide and has an 11,000 employee network aside from its distributors. Accordingly, the request is **GRANTED** but is limited to CA Board of Director minutes containing information related to CA's operations in Puerto Rico and documents found after a reasonable and diligent search which were prepared by, sent to, or received by, the CA employees that have dealt with CA's operations in Puerto Rico.

### G. GM's Request for Production of Documents Nos. 28 (Third Set) and No. 29 (Third Set)

As narrowed by GM during Local Rule 311.11 conferences, these requests now seek the same information as earlier GM Requests for Production Nos. 9 and 10 (Third

Set), for which CA has already provided responses. Accordingly, these requests are **DENIED** as **MOOT**, without prejudice to GM to raise these issues once again upon further review of CA's responses to requests 9 and 10 of GM's Third Request for Production.

## II. CA'S DISCOVERY REQUESTS TO GM GROUP

### A. CA's Request for Production of Documents(First Set) No. 2

CA's request seeks all documents concerning any agreements by which GM Group agreed to provide any other entity computer-related or data processing services for the period 1992 through 1997. During Local Rule 311.11 conferences, CA narrowed this request to include only the actual agreements and any communications related to the nature and scope of such agreements. GM agreed to produce such documents that related to agreements that involved CA products but objected to producing any other agreements based on relevancy, overbreath, overburden to GM, and because it called for privileged/private commercial information.

The request is **GRANTED** as follows: GM shall produce for inspection all agreements, whether related to CA products or not, by which it agreed to provide any other entity computer-related or data processing services for the period 1992-1997. CA may review such agreements with its experts. If, after such inspection, CA believes that it needs additional documents for inspection and/or wishes to copy certain of the produced documents, it may bring such request to the attention of the Court. The Court further notes that an Agreed Confidentiality Order has been entered in this matter and

AO 72A
(Rev.8/82)

that GM may elect to produce such documents under the protection of this order (as may either party pursuant to the terms of the Agreed Confidentiality Order).

**B. CA's Request for Production of Documents (First Set) No. 20**

The parties have agreed to discuss the issues related to this request further with their respective clients in an attempt to resolve this matter. Accordingly, the request is deferred without prejudice to CA's right to raise these issues, once again, before the Court.

**C. CA Interrogatory (First Set) No. 13**

This interrogatory seeks a list of every product sold or licensed by GM Group for the years 1992 through the termination of the Distributor Agreement. GM has interposed objections on grounds of relevancy, overbreath, overburden, and that it calls for private/privileged commercial information. CA has argued that the information is relevant to determine whether GM has breached certain non-competition provisions of the Distributor Agreement as well as to determine whether GM was redirecting it resources and efforts away from sales of the CA line of products. At the discovery hearing, GM's counsel could not confirm the volume of information and products that would be responsive to this request.

The request is **GRANTED**, without prejudice, to GM's right to raise this issue once again before the Court should GM believe the number of its products and related information are so voluminous as to be overly burdensome. In that event, if the Court agrees with GM, the Court may consider methods to lessen the burden of the request.

The Court notes that an Agreed Confidentiality Order has been entered in this matter and that GM may choose to designate responses to discovery as confidential pursuant to said order.

### D. CA's Interrogatory (First Set) No. 14

CA's interrogatory seeks a list of every person or entity for which GM Group has, for the years 1992-1997, provided computer-related or data-processing services, and a specification of the type of service provided and the dates when services were provided. This request is technically GRANTED based on the Court's ruling regarding CA's Request for Production of Documents (First Set) No. 2, above. The Court further notes that an Agreed Confidentiality Order has been entered in this matter and that GM may elect to disclose such information pursuant to the protections of such order.

### E. CA's Second Request for Production No. 10

CA's request seeks all documents concerning distribution agreements entered into by GM Group regarding the distribution of computer-software products, other than the distributor agreement entered into with CA from 1991 through the present. GM has objected on the following grounds: overbreath, burden, relevance, and the confidentiality/privacy of the commercial information requested.

During Local Rule 311.11 conferences, CA agreed to narrow this request to seek only the actual distribution agreements entered by GM Group regarding computer-software products, other than the distributor agreement entered into with CA, and communications regarding the nature and scope of such agreements. The request is

**GRANTED** but limited to the production of such actual distribution agreements for the time period specified. The Court notes that an Agreed Confidentiality Order has been entered in this matter and that GM may choose to designate such documents as confidential pursuant to that order.

### F. CA's Second Request for Production No. 32

CA's request seeks all personnel records for GM Group's sales people and technical-support personnel from 1991-1997. At the discovery hearing, the parties have agreed, and the Court now orders that GM shall produce all the requested documents with the exception of employee medical records, documents related to sexual harassment claims, if any, or any other confidential employee information. GM shall produce a log clearly identifying the nature of any material withheld by GM. CA may challenge GM's decision to withhold such material and bring such challenge before the Court.

### G. CA's Second Request for Production No. 33

CA's request seeks all minutes of GM Group's board of directors meetings from 1991 through 1996, including, but not limited to, all written, audio and video recordings of such meetings. GM has objected to this request arguing the same is overbroad and demands for privileged and confidential commercial information. The request is **GRANTED**. GM Group, however, may redact portions of the Board of Directors' minutes as privileged. As discussed at the discovery hearing, the Court contemplates that purely personal information, such as officer or director compensation, and the like, will be

redacted. In any case, GM Group must identify and summarize the nature of all redacted material. After review of the minutes and the redaction summary, CA, if it deems necessary, may challenge the redactions and bring the matter before this Court.

### H. CA's Second Set of Interrogatories No. 2

This interrogatory requests the names and address of all present and former GM Group customers receiving data-processing services from GM Group from 1986 through the present and, for each such customer, a statement of which CA software products the former customers used, which CA software products the present customers use, and whether the customer presently uses the software-product line distributed by GM Group, other than CA's products line. This interrogatory correlates with CA's Request for Production (First Set) No. 2 which was discussed above. Accordingly, ruling on this interrogatory is deferred pending the completion of CA's inspection and review of the documents ordered to be produced pursuant to CA's Request for Production (First Set) No. 2, above.

### I. CA's Second Set of Interrogatories No. 6

CA's interrogatory requests the hourly wage and benefits of all present and former GM Group's sales people and technical-support personnel for 1991 through 1997. GM Group has provided the requested information from 1991 through April 1996. CA has requested that this information be updated from April, 1996, through the end of 1997, as specified in the interrogatory. GM has agreed, and the Court now orders, that GM

shall update its response to provide the information for the entire time period requested and specified within the interrogatory.

### J. CA's Third Request for Production of Documents

CA's Third Request for Production seeks various categories of documents related to GM Group's recent acquisition by Banco Popular. With the exception of Request No. 12, GM has interposed two blanket objections and refused to produce any documents. At the discovery hearing, GM argued that the requested information was not relevant and that it contained private and confidential commercial information. Also, GM argued that it is not privy to the information kept by Popular, Inc. and/or other third parties. CA argued that the information was particularly relevant as demonstrating the valuation of GM's business as well as the nature and direction of the business after the termination of the distribution agreement at issue in this litigation.

This Magistrate-Judge believes that the information is relevant to this litigation or reasonably calculated to lead to the discovery of admissible evidence and that GM's confidentiality concerns may be addressed and taken care of, inasmuch as GM may designate protected classes of documents pursuant to the Agreed Confidentiality Order entered in this matter. Accordingly, with the exception of Request No. 12, to which GM Group has already responded, CA's entire Third Request for Production of Documents is GRANTED. GM may withhold specific documents based on specific legal privileges but must produce a privilege log with respect to such withheld documents providing

Civil No. 97-1021(PG)                                                    Page No. 11

sufficient information regarding withheld documents to allow CA to challenge the objection and bring it before this Court.

**SO ORDERED.**

At San Juan, Puerto Rico, this 8th day of August, 2000.

*[signature]*
AIDA M. DELGADO-COLON
**U.S. Magistrate-Judge**